# CIRCUIT COURT OF THE CITY OF RICHMOND

Davis Brothers
Construction Co., Inc.

v.

City of Richmond

May 10, 2006

Case No. LT-76

BY JUDGE T. J. MARKOW

This is a construction case in which Plaintiff, Davis Brothers Construction Company, Inc., alleges a cause of action for breach of contract or, in the alternative, quantum meruit. The matter was tried to the court, and counsel presented evidence and argument over a three-day period beginning April 24, 2006. Following closing arguments, the court took the matter under advisement.

This matter arises from a contract entered into between Davis Brothers and the City of Richmond, whereby Davis Brothers agreed to perform stabilization work on the Leigh Street Armory, a historically valuable building within the City of Richmond.

After work began on the original contract, it was determined that additional work, beyond that for which the parties originally contracted, was required to adequately stabilize the building. Negotiations between the parties prompted changes in the original specifications to address monetary constraints and the submission of multiple proposed change orders to address structural concerns. The first and second proposed change orders were incorporated into Change Order # 1 and ultimately signed by all the necessary parties. The third proposed change order (PCO # 3, also referred to as Change Order # 2), however, did not receive all the necessary signatures. Contrary to formal procedures, Davis Brothers began performance on the third proposed change order prior to its formal acceptance.

The parties' ultimate dispute arose regarding the masonry work performed on the project. After a substantial amount of masonry work had been completed (as contemplated by the original contract and both the signed and unsigned change orders), the City issued a stop order halting any additional masonry work. The City then began to question the structural integrity of the masonry work performed by Davis Brothers. Ongoing disputes regarding this issue ultimately led to the termination of the contract by Davis Brothers and non-payment of the unsigned change order by the City. Following the termination, the City secured another contractor to perform the stabilization work on the Armory. The masonry work performed by Davis Brothers was demolished and the walls were reconstructed for the second time.

### Contract

In its Motion for Judgment, Davis Brothers alleges that the City breached its contract resulting in damages of $231,807.00. In its defense, the City argues that there was no contract for the sums Davis Brothers claims because the required signatures on the third proposed change order were never acquired and, therefore, Davis Brothers is not entitled to recover.

The City Code provides that "No fixed-price contract that will increase the amount to be expended under such contract in an amount in excess of $100,000 in the aggregate shall be made unless the city manager approves such change in writing in advance of such modification being made." Richmond City Code § 74-63; See Va. Code § 2.2-4309.

While Change Order # 2 was signed by Davis Brothers' representative, the Director of the Department of Community Development, and the Director of Finance, it lacked the signature of the Director of Procurement Services and, most importantly, the signature of the City Manager. Because the statutory requirements were not met, the court finds there was no valid contract regarding the work contemplated by PCO # 3. Any recovery for the work contemplated by PCO # 3 must be based on a theory of quantum meruit.

### Quantum Meruit

Davis Brothers argues, in the alternative, that, if the court determines there was not a valid contract, then it is entitled to the amount claimed based on the theory of quantum meruit. The City argues, however, that it was not unjustly enriched by the work performed by Davis Brothers as contemplated by PCO # 3 and, therefore, Davis Brothers is not entitled to compensation.

The purpose of the equitable doctrine of quantum meruit is to prevent unjust enrichment to the party benefiting from another's services when a valid contract does not exist. In cases such as this, "where there has been the mere omission of a legal formality, and while by the terms of the statute [the contractor] must lose the benefit of his contract, yet, there being nothing illegal or immoral in it, he is entitled to be compensated for the services rendered under it." *Hendrickson v. Meredith*, 161 Va. 193, 198, 170 S.E. 602, 604 (1933). The measure of recovery is the reasonable value of the work and labor performed, less the amount of compensation already received for the services. *Hendrickson*, 161 Va. 193, 170 S.E. 602 (1933); *Marine Dev. Corp. v. Rodak*, 225 Va. 137, 300 S.E.2d 763 (1983).

Although Change Order # 2 was not properly executed and, therefore, did not form a valid contract between the parties, the doctrine of quantum meruit applies to these circumstances. While the court finds that the doctrine of quantum meruit is applicable, the court does not find that Plaintiff is entitled to recover. Based on the evidence, the court is of the opinion that the services provided by Davis Brothers and contemplated by Change Order # 2 had no value. In fact, the masonry work resulted in a negative value to the City. The extremely poor workmanship provided by Davis Brothers caused the City to incur substantial additional costs in order to remedy the situation. Because the masonry was structurally unsound, aesthetically displeasing, and did not meet the negotiated specifications, the City had no alternative other than to demolish the work and have it reconstructed. Accordingly, the court finds that Davis Brothers is not entitled to relief under the theory of quantum meruit.

For these reasons, the court finds that Davis Brothers is not entitled to recover and awards judgment in favor of Defendant.

It is, therefore, ordered that judgment is awarded to the defendant, City of Richmond, against the plaintiff, Davis Brothers Construction Co., Inc., and the said Plaintiff shall take nothing. Copies of this order are mailed this day to counsel of record.